IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **LOWE'S HOME CENTERS, LLC** and **LOWE'S COMPANIES, INC.** <br><br> *Plaintiffs*, <br><br> v. <br><br> **ADAPTIVE AVENUE ASSOCIATES, INC.** <br><br> *Defendant*. | **CASE NO. 5:25-cv-00176** |

## COMPLAINT FOR DECLARATORY JUDGMENT

## NATURE OF THE ACTION

1. This is an action for declaratory relief under the patent laws of the United States.

2. This case arises out of attempts by Adaptive Avenue Associates, Inc. ("Adaptive") to extract a patent license from Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Lowe's").

3. Adaptive has alleged, and is alleging, that Lowe's infringed two patents: U.S. Patent No. 7,171,629 (the "'629 Patent") and U.S. Patent No. 7,428,707 (the "'707 Patent") (collectively, the "Asserted Patents"). The Asserted Patents are attached as Exhibits 1–2.

4. Beginning on August 4, 2025, and over the course of several email correspondences and a subsequent meeting, Adaptive has accused features of lowes.com ("Lowe's website") of infringing at least one claim of each of the Asserted Patents, and has demanded that Lowe's take a license to the Asserted Patents and that Lowe's pay a licensing fee.

5. Lowes.com is provided by Lowe's Home Centers, LLC.

6. As explained below, Lowe's does not infringe any valid or enforceable claim of any of the Asserted Patents.

7. Therefore, Lowe's requests that this Court enter a declaratory judgment that Lowe's has not infringed the Asserted Patents because neither Lowe's website nor the accused features meet each and every limitation of any asserted claim.

8. In addition, Lowe's requests that this Court enter a declaratory judgment that the Asserted Patents are invalid under 35 U.S.C. § 101.

## THE PARTIES

9. Plaintiff Lowe's Companies, Inc. is a North Carolina corporation, with its principal place of business in this District at 1000 Lowes Blvd., Mooresville, NC 28117.

10. Plaintiff Lowe's Home Centers, LLC is a North Carolina limited liability company, with its principal place of business in this District at 1000 Lowes Blvd., Mooresville, NC 28117. Lowe's Home Centers, LLC is a wholly owned subsidiary of Lowe's Companies, Inc.

11. According to Adaptive, Adaptive is a Minnesota corporation with a registered office address of 445 Minnesota St., #1500, St. Paul, MN 55101. According to Adaptive, David Quimby is its Chief Executive Officer, with a contact address of 445 Minnesota St., #1500, St. Paul, MN 55101. David Quimby is also the sole named inventor of the Asserted Patents.

## JURISDICTIONAL STATEMENT

12. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

14. Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in Lowe's Complaint because an actual case or controversy exists between Lowe's and Adaptive. An actual case or controversy exists at least because Lowe's has not infringed any claims of the Asserted Patents, Adaptive has accused features of Lowe's website of having infringed each of the Asserted Patents and demanded that Lowe's take a license to the Asserted Patents and pay a licensing fee, and the Asserted Patents are invalid under the patent laws of the United States.

15. This Court has personal jurisdiction over Adaptive because Adaptive has knowingly and repeatedly directed its licensing activities into this District, not least as evidenced by its attempts to extract a license from Lowe's. By seeking out and threatening litigation against Lowe's, an entity known to exist under the laws of and operate in North Carolina and in this District, Adaptive should reasonably be expected to be subject to personal jurisdiction in this

District. The exercise of personal jurisdiction based on Adaptive's contacts with North Carolina does not offend traditional notions of fairness and substantial justice.

16. Each of Adaptive's communications with Lowe's including, but not limited to, the August 4 and August 14, 2025, Emails (collectively, "Demand Emails," and attached hereto as Exhibits 3 and 4, respectively), which were addressed to and delivered to several Lowe's employees in Mooresville, North Carolina, and its October 16 and October 23, 2023, video conferences with another Lowe's employee located in Mooresville, North Carolina, constitutes a separate act sufficient to warrant personal jurisdiction over Adaptive.

17. The Court has specific personal jurisdiction over Adaptive because the causes of action herein arise out of and relate to Adaptive's contact with the state and this District, including sending the Demand Emails to Lowe's in North Carolina and its correspondence and videoconference with Lowe's thereafter relating to licensing the Asserted Patents.

18. Lowe's website features that are immediately threatened with patent infringement were developed, in part, in North Carolina. Lowe's corporate headquarters are located in Mooresville, North Carolina, located in this District. Adaptive knows that Lowe's and its technologies are based in North Carolina and has directed its correspondence to Lowe's in North Carolina.

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to Lowe's claims occurred in this District, and because Adaptive is subject to personal jurisdiction here.

20. An immediate, real, and justiciable controversy exists between Lowe's and Adaptive as to whether Lowe's has infringed the Asserted Patents.

## BACKGROUND

21. Lowe's Companies, Inc. is a Fortune® 50 company and the world's second largest home improvement retailer. Lowe's Companies, Inc. was founded in 1921 with the opening of its first hardware store in North Wilkesboro, North Carolina. Lowe's Companies, Inc. was incorporated in North Carolina in 1952 and has been publicly held since 1961.

22. In addition to physical home improvement stores and outlets, Lowe's provides its customers the ability to shop online through lowes.com, provided by Lowe's Home Centers, LLC.

23. According to Adaptive, it owns the rights to the Asserted Patents.

24. Adaptive has filed at least 28 lawsuits asserting at least one of the Asserted Patents, including:

- *Adaptive Avenue Associates, Inc. v. Northern Tool & Equipment Company, Inc.*, 4:25-cv-00632 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. eBay Inc.*, 1:25-cv-00483 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. Amazon.com, Inc.*, 7:25-cv-00185 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Best Buy Co., Inc.*, 7:25-cv-00186 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Costco Wholesale Corp.*, 7:25-cv-00187 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Home Depot USA, Inc.*, 7:25-cv-00188 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Walmart Inc.*, 7:25-cv-00189 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Petco Animal Supplies Stores, Inc.*, 7:25-cv-00153 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Petco Animal Supplies Stores, Inc.*, 4:25-cv-00326 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Michaels Stores, Inc.*, 4:24-cv-00738 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. AutoZone, Inc.*, 1:24-cv-05321 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. Saks Fifth Avenue, LLC*, 1:24-cv-04092 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. JM Bullion, Inc.*, 3:24-cv-00748 (N.D. Tex.);

- *Adaptive Avenue Associates, Inc. v. Hibbett Retail, Inc.*, 1:24-cv-00690 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. OpticsPlanet, Inc.*, 1:23-cv-15974 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. Barnes & Noble, Inc.*, 2:23-cv-00500 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Mattress Firm, Inc.*, 2:23-cv-00442 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. GameStop, Inc.*, 2:23-cv-00389 (E.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Menard, Inc.*, 1:23-cv-03167 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. Living Spaces Furniture, LLC*, 6:23-cv-00333 (W.D. Tex.);
- *Adaptive Avenue Associates, Inc. v. Blick Art Materials, LLC*, 1:23-cv-02492 (N.D. Ill.);
- *Adaptive Avenue Associates, Inc. v. Overstock.com, Inc.*, 1:22-cv-00866 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. OmahaSteaks.com, Inc.*, 1:22-cv-00683 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. MySpace LLC*, 1:22-cv-00469 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. Micro Electronics, Inc.*, 1:21-cv-01786 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. Leaf Group Ltd.*, 1:21-cv-01588 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. Mouser Electronics, Inc.*, 1:21-cv-01431 (D. Del.);
- *Adaptive Avenue Associates, Inc. v. Sally Beauty Supply LLC*, 2:16-cv-00683 (E.D. Tex.).

25. Adaptive first contacted Lowe's via the Demand Emails on August 4 and August 14, 2025. (*See* Exs. 3, 4.) The Demand Emails were sent by Adaptive's outside counsel, Salumeh Ramsay of S.R. Patents LLC.

26. The Demand Emails were addressed and sent to several of Lowe's in-house counsel, including Adwoa Seymour, Vice President for Litigation & Risk Management, Heather Moro, Vice President and Associate General Counsel, Scott Goode, Senior Counsel for Intellectual Property, and Sara Ash, Senior Counsel for Litigation.

27. Adaptive's Demand Emails stated that Adaptive had previously litigated and obtained licenses for the Asserted Patents to nearly 30 other websites, and was currently asserting its patents against Amazon, Walmart, Costco, eBay, Home Depot, Best Buy, and other companies.

28. Adaptive's Demand Emails identified two additional patents: U.S. Patent No. 10,509,840 and U.S. Patent No. 10,909,204. Adaptive has since confirmed that it was neither asserting these patents against Lowe's nor seeking a license fee from Lowe's for these patents.

29. Both of the Asserted Patents had expired no later than July 1, 2022.

30. Adaptive's Demand Emails linked to claim charts which Adaptive alleges mapped the claims of the Asserted Patents to Lowe's website as it existed in 2022.

31. Adaptive's Demand Emails further described how Adaptive contended Lowe's website practiced the Asserted Patents.

32. Adaptive's Demand Emails offered to license the Asserted Patents to Lowe's, and requested Lowe's availability to discuss on a call.

33. On August 18, 2025, Will Baeza, another Senior Counsel for Lowe's, replied to Adaptive by letter confirming that he will be the contact for this matter and that Lowe's will begin investigating Adaptive's claim, attached hereto as Exhibit 5.

34. On October 16, 2025, Mr. Baeza, sitting in North Carolina, met with Adaptive's counsel, Ms. Ramsay, by videoconference on Microsoft Teams. Also attending were Lowe's outside counsel.

35. At the October 16, 2025, meeting, Mr. Baeza and Ms. Ramsay were unable to agree on a resolution of Adaptive's licensing demand to Lowe's. Mr. Baeza and Ms. Ramsay agreed to have a follow-up meeting the following week.

36. On October 23, 2025, Mr. Baeza, sitting in North Carolina, met with Adaptive's counsel, Ms. Ramsay, again by videoconference on Microsoft Teams. Also attending were Lowe's outside counsel.

37. At the October 23, 2025, meeting, Mr. Baeza and Ms. Ramsay were unable to agree

on a resolution of Adaptive's licensing demand to Lowe's.

## COUNT I

### (Declaration of Non-Infringement of U.S. Patent No. 7,171,629)

38.     Lowe's restates and incorporates by reference all allegations in this Complaint as if fully set forth.

39.     Adaptive claims to own all rights, title, and interest, including the right to seek damages for infringement, in the '629 Patent. A true and correct copy of the '629 Patent is attached hereto as Exhibit 1.

40.     Lowe's did not directly or indirectly infringe any claim of the '629 Patent, either literally or under the doctrine of equivalents. For example, Claim 11 of the '629 Patent recites: "A method for customizing access to a plurality of web sites, said method comprising the steps of: remotely invoking a composer operating on a host server; creating a presentation in said composer, wherein said step of creating comprises the steps of: establishing a list of URLs in said composer by one of a plurality of list establishment methodologies the plurality of list establishment methodologies comprising manual entry via a user interface portion of the composer and automatic entry by a query-based system; determining a display sequence of said list of URLs in said composer; determining a duration of display for said list of URLs in said composer; remotely invoking a performer operating on said host server to present said created presentation; and automatically locally displaying the created presentation presented by said performer in a slide show format according to said list and said display sequence, wherein each of said plurality of URLs comprises a slide within said created presentation, and wherein each slide is automatically displayed to a user, absent human intervention, for the pre-determined display duration as at least a portion of a web page."

41. Lowe's did not infringe Claim 11 of the '629 Patent at least because Lowe's website did not meet or embody at least the following limitations as used in the claimed inventions: "remotely invoking a composer operating on a host server;" "creating a presentation in said composer, wherein said step of creating comprises the steps of: establishing a list of URLs in said composer by one of a plurality of list establishment methodologies the plurality of list establishment methodologies comprising manual entry via a user interface portion of the composer and automatic entry by a query-based system; determining a display sequence of said list of URLs in said composer; determining a duration of display for said list of URLs in said composer;" "remotely invoking a performer operating on said host server to present said created presentation;" and "automatically locally displaying the created presentation presented by said performer in a slide show format according to said list and said display sequence, wherein each of said plurality of URLs comprises a slide within said created presentation, and wherein each slide is automatically displayed to a user, absent human intervention, for the pre-determined display duration as at least a portion of a web page."

42. No third party infringed any claim of the '629 Patent by using the accused features of Lowe's website. Lowe's has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Lowe's had no knowledge of the '629 Patent, nor any knowledge of alleged infringement of the '629 Patent by Lowe's website, before Adaptive contacted Lowe's via the Demand Letters, which means that Lowe's had no knowledge of the '629 Patent, nor any knowledge of alleged infringement of the '629 Patent by Lowe's website, before the expiration of the '629 Patent. For at least the reasons explained above, Lowe's website did not directly infringe the '629 Patent. The accused features of Lowe's website are not designed for use in any combination which infringed any claim of the '629 Patent. To the contrary, the accused

features of Lowe's website have substantial uses that do not infringe any claim of the '629 Patent and are not accused by Adaptive of having infringed the '629 Patent. For example, customers could visit, browse, and purchase items from Lowe's website without using the features accused of infringing the '629 Patent.

43. A substantial, immediate, and real controversy exists between Lowe's and Adaptive regarding whether Lowe's website has infringed the '629 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '629 Patent.

44. Lowe's seeks a judgment declaring that it did not directly or indirectly infringe any claim of the '629 Patent.

## COUNT II

**(Declaration of Invalidity of U.S. Patent No. 7,171,629 under 35 U.S.C. § 101)**

45. Lowe's restates and incorporates by reference all allegations in this Complaint as if fully set forth.

46. The claims of the '629 Patent are invalid under 35 U.S.C. § 101 because the claims are direct to an abstract idea and lack an inventive concept that transform the claims into a patent-eligible application.

47. For instance, exemplary Claim 11 of the '629 Patent recites: "A method for customizing access to a plurality of web sites, said method comprising the steps of: remotely invoking a composer operating on a host server; creating a presentation in said composer, wherein said step of creating comprises the steps of: establishing a list of URLs in said composer by one of a plurality of list establishment methodologies the plurality of list establishment methodologies comprising manual entry via a user interface portion of the composer and automatic entry by a query-based system; determining a display sequence of said list of URLs in said composer;

determining a duration of display for said list of URLs in said composer; remotely invoking a performer operating on said host server to present said created presentation; and automatically locally displaying the created presentation presented by said performer in a slide show format according to said list and said display sequence, wherein each of said plurality of URLs comprises a slide within said created presentation, and wherein each slide is automatically displayed to a user, absent human intervention, for the pre-determined display duration as at least a portion of a web page."

48. Exemplary Claim 11—and all claims of the '629 Patent—are directed to the abstract idea of collecting, organizing, and sequentially displaying data. The abstract nature of the claims is further supported because the claims use generic, results-focused language, do not provide a specific technical solution to solve the problems the '629 Patent purports to solve, and can be performed on any generic computing device.

49. The claims of the '629 Patent do not contain an inventive concept, either in any individual claim step or in the combination of claim steps.

50. The claims merely recite generic computer functions of collecting data, organizing data, and then sequentially displaying data, without reciting any technical improvements to these functions. Rather, these generic computer functions are used in conventional ways. As the patent specification explains, the '629 Patent merely "operates to combine the bookmark feature of web browsers with the slide show feature of presentation software."

51. Lowe's seeks a judgment declaring that the claims of the '629 Patent are invalid under § 101.

## COUNT III

**(Declaration of Non-Infringement of U.S. Patent No. 7,428,707)**

52. Lowe's restates and incorporates by reference all allegations in this Complaint as if fully set forth.

53. Adaptive claims to own all rights, title, and interest, including the right to seek damages for infringement, in the '707 Patent. A true and correct copy of the '707 Patent is attached hereto as Exhibit 2.

54. Adaptive did not directly or indirectly infringe any claim of the '707 Patent, either literally or under the doctrine of equivalents. For example, Claim 7 of the '707 Patent recites: "A computer implemented method for auto composing a web site, the method comprising the steps of: composing a presentation for a desired web page by creating a list of URLs, wherein said step of composing comprises one or more of the following: automatically extracting a plurality of hyperlinks from said desired web page, wherein said plurality of hyperlinks provide said URLs; automatically extracting a presentation/rendition text file from said desired web page, wherein the text file provides said URLs; and automatically extracting a meta tag from the desired web page, wherein said meta tag provides said URLs; and automatically displaying said presentation, wherein said presentation is presented in order of the created list of URLs."

55. Lowe's did not infringe Claim 7 of the '707 Patent at least because Lowe's website did not meet or embody at least the following limitations as used in the claimed inventions: "composing a presentation for a desired web page by creating a list of URLs, wherein said step of composing comprises one or more of the following: automatically extracting a plurality of hyperlinks from said desired web page, wherein said plurality of hyperlinks provide said URLs; automatically extracting a presentation/rendition text file from said desired web page, wherein the text file provides said URLs; and automatically extracting a meta tag from the desired web page, wherein said meta tag provides said URLs;" and "automatically displaying said presentation,

12

Case 5:25-cv-00176-KDB-SCR     Document 1     Filed 10/24/25     Page 12 of 16

wherein said presentation is presented in order of the created list of URLs."

56. No third party infringed any claim of the '707 Patent by using the accused features of Lowe's website. Lowe's has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Lowe's had no knowledge of the '707 Patent, nor any knowledge of alleged infringement of the '707 Patent by Lowe's website, before Adaptive contacted Lowe's via the Demand Letters, which means that Lowe's had no knowledge of the '707 Patent, nor any knowledge of alleged infringement of the '707 Patent by Lowe's website, before the expiration of the '707 Patent. For at least the reasons explained above, Lowe's website did not directly infringe the '707 Patent. The accused features of Lowe's website are not designed for use in any combination which infringed any claim of the '707 Patent. To the contrary, the accused features of Lowe's website have substantial uses that do not infringe any claim of the '707 Patent and are not accused by Adaptive of having infringed the '707 Patent. For example, customers could visit, browse, and purchase items from Lowe's website without using the features accused of infringing the '707 Patent.

57. A substantial, immediate, and real controversy exists between Lowe's and Adaptive regarding whether Lowe's website has infringed the '707 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '707 Patent.

58. Lowe's seeks a judgment declaring that it did not directly or indirectly infringe any claim of the '707 Patent.

## COUNT IV

**(Declaration of Invalidity of U.S. Patent No. 7,428,707 under 35 U.S.C. § 101)**

59. Lowe's restates and incorporates by reference all allegations in this Complaint as if fully set forth.

60. The claims of the '707 Patent are invalid under 35 U.S.C. § 101 because the claims are direct to an abstract idea and lack an inventive concept that transform the claims into a patent-eligible application.

61. For instance, exemplary Claim 7 of the '707 Patent recites: "A computer implemented method for auto composing a web site, the method comprising the steps of: composing a presentation for a desired web page by creating a list of URLs, wherein said step of composing comprises one or more of the following: automatically extracting a plurality of hyperlinks from said desired web page, wherein said plurality of hyperlinks provide said URLs; automatically extracting a presentation/rendition text file from said desired web page, wherein the text file provides said URLs; and automatically extracting a meta tag from the desired web page, wherein said meta tag provides said URLs; and automatically displaying said presentation, wherein said presentation is presented in order of the created list of URLs."

62. Exemplary Claim 7—and all claims of the '707 Patent—are directed to the abstract idea of collecting, organizing, and sequentially displaying data. The abstract nature of the claims is further supported because the claims use generic, results focused language, do not provide a specific technical solution to solve the problems the '707 Patent purports to solve, and can be performed on any generic computing device.

63. The claims of the '707 Patent do not contain an inventive concept, either in any individual claim step or in the combination of claim steps.

64. The claims merely recite generic computer functions of collecting data, organizing data, and then sequentially displaying data, without reciting any technical improvements to these functions. Rather, these generic computer functions are used in conventional ways. As the patent specification explains, the '707 Patent merely "operates to combine the bookmark feature of web

browsers with the slide show feature of presentation software."

65. Lowe's seeks a judgment declaring that the claims of the '707 Patent are invalid under § 101.

**PRAYER FOR RELIEF**

WHEREFORE, Lowe's prays for judgment and relief as follows:

A. Declaring that judgment be entered in favor of Lowe's against Adaptive on Lowe's claims;

B. Declaring that Lowe's has not and does not infringe directly or indirectly any claim of the '629 Patent and enjoining Adaptive, its officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '629 Patent against Lowe's;

C. Declaring that Lowe's has not and does not infringe directly or indirectly any claim of the '707 Patent and enjoining Adaptive, its officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '707 Patent against Lowe's;

D. Declaring that the claims of the '629 Patent are invalid under 35 U.S.C. § 101;

E. Declaring that the claims of the '707 Patent are invalid under 35 U.S.C. § 101;

F. Finding that this is an exceptional case under 35 U.S.C. § 285, and awarding Lowe's its costs and reasonable attorneys' fees in connection with this action; and

G. Such further and additional relief as the Court deems just, equitable, and proper.

**JURY DEMAND**

Lowe's demands a jury trial on all issues and claims so triable.

Dated: October 24, 2025						Respectfully submitted,

						By: */s/ Cary B. Davis*
							Cary B. Davis
							N.C. Bar No. 36172
							cdavis@rbh.com
							**ROBINSON BRADSHAW & HINSON, P.A.**
							600 South Tryon Street, Suite 2300
							Charlotte, North Carolina 28202
							Telephone: 704.377.2536

							Kelley M. Storey
							N.C. Bar No. 56607
							kstorey@rbh.com
							**ROBINSON BRADSHAW & HINSON, P.A**
							1450 Raleigh Road, Suite 100
							Chapel Hill, North Carolina 27517
							Telephone: 919.328.8800

							Keyonn L. Pope (*pro hac vice* forthcoming)
							Michael H. Fleck (*pro hac vice* forthcoming)
							Shaun Zhang (*pro hac vice* forthcoming)
							**RILEY SAFER HOLMES & CANCILA LLP**
							1 S. Dearborn Street, Suite 2200
							Chicago, IL 60603
							Telephone: 312.471.8700
							Facsimile: 312.471.8701
							Email: kpope@rshc-law.com
							Email: mfleck@rshc-law.com
							Email: szhang@rshc-law.com

							*Counsel for Plaintiffs*